**Lieutenant (JG) Daniel S. ISBIT, Petitioner-Appellant,**

v.

**SECRETARY OF DEFENSE et al., Respondents-Appellees.**

**No. 72-2187.**

United States Court of Appeals, Fifth Circuit.

April 18, 1973.

Gerald H. Goldstein, San Antonio, Tex., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Olney G. Wallis, Asst. U. S. Attys., Houston, Tex., for respondents-appellees.

Before COLEMAN and SIMPSON, Circuit Judges and ESTES, District Judge.

PER CURIAM:

Lt. (JG) Daniel S. Isbit, a commissioned officer in the regular United States Navy, submitted an application for discharge as a conscientious objector. The application was formally denied by the Chief of Naval Personnel, Lt. Isbit then filed his petition for the writ of habeas corpus in the United States District Court for the Southern District of Texas, seeking release as a conscientious objector. The District Court not only reviewed the administrative record and briefs of counsel but proceeded to hear testimony *aliunde* the administrative record upon which Lt. Isbit's application for discharge had been denied.

The primary issue in this kind of habeas corpus proceeding is whether the denial of the discharge had a "basis in fact".

Over objection, the District Court heard testimony from Admiral Billy D. Holder, Chief of the Naval Air Advance Training at Corpus Christi, as to factors bearing upon Isbit's conscientious objector status.

One week after this Court heard oral argument in this appeal, the Supreme Court of the United States decided Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106.

The judgment of the District Court in this case should be reconsidered in the light of that decision.

In particular, the District Court should decide from the same record which the naval authorities had before them the issue of whether there was a basis in fact for the denial of conscientious objector status to Isbit, In Re Tavlos, 5 Cir., 1970, 429 F.2d 859, 863; Helwick v. Laird, 5 Cir., 1971, 438 F.2d 959, 965.

The judgment of the District Court is vacated and remanded for further proceedings not inconsistent herewith.

Vacated and remanded.